```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RED LION AREA SCHOOL DISTRICT     :     CIVIL ACTION
                                  :
                                  :
          v.                      :
                                  :
ROBERT J. BRADBURY, Individually  :
and as Trustee, Custodian and     :
Plan Administrator, Dolphin &     :
Bradbury, Inc., 401(k) Profit     :
Sharing Plan and                  :
MARGARET B. BRADBURY              :     NO. 07-cv-00563-JF
_____

PERKIOMEN VALLEY SCHOOL DISTRICT  :     CIVIL ACTION
and BOYERTOWN AREA SCHOOL         :
DISTRICT                          :
                                  :
          v.                      :
                                  :
ROBERT J. BRADBURY and            :
MARGARET B. BRADBURY              :     NO. 07-cv-00720-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                October 1, 2007


Plaintiff Red Lion Area School District has moved for reconsideration of an order denying its motion to remand. The school district plaintiffs allege that one of the fraudulent conveyances chargeable to the defendant Bradbury was his use of over $7 million of his own money to set up what purports to be a § 401(k) retirement plan. This Court's Order of April 9, 2007, held that removal was proper because the action was preempted by ERISA. Upon further consideration of the issue as set forth in

the motion to remand, I conclude that the matter properly belongs in state court.

As I noted in the earlier decision, the issue to be decided is whether a lawsuit challenging the establishment of an ERISA plan as a fraudulent conveyance, and seeking transfer of all of the assets of such a plan, is preempted by ERISA.  In determining that it was, I relied upon the test established by the Supreme Court in <u>Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308 (2005).  After reviewing the holding of <u>Grable & Sons</u> (which was not an ERISA case) in conjunction with the preemption provisions of the ERISA statute, I am satisfied that the initial ruling was in error.  Because the plaintiffs are not participants or beneficiaries under the plan, they have no independent claim under ERISA, and any defenses the defendants have under the statute did not provide a basis for removal.  <u>See Dukes v. U.S. Healthcare, Inc.</u>, 57 F.3d 350 (3d Cir. 1995).

Although the plaintiffs in Civil Action No. 07-720 did not move for reconsideration, the same reasoning applies to both cases. I will remand the Perkiomen Valley School District matter under the Court's inherent authority to reconsider an earlier ruling.

Appropriate orders follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RED LION AREA SCHOOL DISTRICT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. BRADBURY, Individually and as Trustee, Custodian and Plan Administrator, Dolphin & Bradbury, Inc., 401(k) Profit Sharing Plan and | : | |
| MARGARET B. BRADBURY | : | NO. 07-cv-00563-JF |

ORDER

AND NOW, this 1st day of October 2007, upon consideration of the motion for reconsideration of the plaintiff Red Lion Area School District, and the response thereto, and for the reasons expressed in the accompanying memorandum,

IT IS ORDERED that the motion is GRANTED.  The case is REMANDED to the Court of Common Pleas of Montgomery County, Pennsylvania.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,        Sr. J.